104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Charles McCALLUM, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 96-6087.
 United States Court of Appeals, Second Circuit.
 Nov. 29, 1996.
 
 Appearing for Appellant: STANLEY F. MELTZER, New York, N.Y.
 Appearing for Appellee: BETH P. SCHWARTZ, Assistant United States Attorney, Eastern District of New York, Brooklyn, N.Y.
 Present MESKILL, CALABRESI and CABRANES, Circuit Judges.
 ORDER
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Raggi, J.), it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 Charles McCallum appeals from a judgment on the pleadings dated January 29, 1996, in the United States District Court for the Eastern District of New York (Raggi, J.), dismissing his claim pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.
 
 
 1
 On December 29, 1994, McCallum, represented by counsel, filed a complaint in the district court against the Secretary of the United States Department of Health and Human Services,[1] seeking review of the decision of an administrative law judge ("ALJ") denying him Social Security Disability Insurance Benefits and Supplemental Security Income disability benefits.[2] McCallum argued to the district court that the ALJ's finding that he was able to perform "light work" was not elaborated with sufficient specificity. The district court granted the government's motion to dismiss, concluding that substantial evidence supported the ALJ's finding and that the ALJ had adequately articulated his conclusion. McCallum has challenged this decision on appeal. We reject his challenge.
 
 
 2
 The Code of Federal Regulations defines the term "light work" as follows:
 
 
 3
 Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities.
 
 
 4
 20 C.F.R. § 404.1567(b). After reviewing the evidence in some detail, the ALJ concluded that McCallum was not disabled because, despite his impairments, he retained "the residual functional capacity to perform the full range of light work (20 C.F.R. 404.1567 and 416.967)." McCallum argues that the "ALJ's finding as to light work was conclusory for the ALJ failed to show how the appellant could perform each and every element of the full range of light work." This claim is without merit.
 
 
 5
 In Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir.1984), this court held that an ALJ is required to set forth the crucial factors in his or her decision "with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence." We have never construed that decision to require an ALJ to make a specific finding as to each element of the type of work the claimant is able to perform. As the district court noted, Ferraris was concerned with situations in which there was either no evidence or substantial conflicting evidence in the record. In those situations, the ALJ must make specific factual findings in order to facilitate meaningful judicial review. But the ALJ need not, in the words of the district court, "engage in some kind of specific ritualistic articulation of the light factor standards in a case where there is not conflicting evidence on a claimant's ability to meet them." We agree that this is just such a case.
 
 
 6
 Substantial evidence in the record clearly supports the ALJ's conclusion that McCallum was able to perform each of the elements of light work, and virtually no evidence contradicts it. As such, the ALJ was under no duty to articulate his finding with respect to every individual element of the standard. And because the ALJ's finding was supported by substantial evidence, the district court properly refused to disturb it. See 42 U.S.C. § 405(g).
 
 
 7
 Although McCallum originally brought this appeal pro se, he appeared at oral argument represented by counsel. We permitted counsel to file a letter brief after argument. In that brief, McCallum's counsel has attempted to expand his argument by challenging the adequacy of the state-ordered medical examinations upon which the claims of many indigent claimants are evaluated. According to counsel, it is this inadequacy which is responsible for the lack of evidence contradicting the ALJ's conclusion. We agree with the appellee that the evidence in this case does not bear out the claim of inadequate medical attention, and we are loath to entertain such an argument on appeal when it was not presented to the district court. See, e.g., Schmidt v. Polish People's Republic, 742 F.2d 67, 70 (2d Cir.1984). We therefore reject this and the other claims raised in McCallum's letter brief.
 
 
 8
 We have examined all of McCallum's contentions, and find them to be without merit. The district court's judgment is therefore affirmed.
 
 
 
 [1]
 Shirley S. Chater, the Commissioner of Social Security, was substituted for this defendant because the functions of the Secretary of Health and Human Services in Social Security cases were transferred to her on March 31, 1995. See Abreu-Mercedes v. Chater, 928 F.Supp. 386, 386 (S.D.N.Y.1996)
 
 
 [2]
 McCallum's claim for benefits is based on his contention that, since November 15, 1990, he has suffered from hypertension, a heart condition, diabetes, a liver condition, orthopedic ailments, an emotional condition, and pain